IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-00141-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **ORDER ALLOWING** |
| | : | **INTERLOCUTORY SALE** |
| ADAM GEOFFREY FRANKEL | : | |

This matter is before the Court on the Government's unopposed motion to allow the interlocutory sale of the sole tract of real property forfeited by the Court in the Preliminary Order of Forfeiture entered on May 24, 2018.

Fed. R. Crim. P. 32.2(b)(7) states that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Further, Supplemental Rule G(7)(b)(i)(A) states that the court "may order all or part of the property sold if. . . (A) the property is. . . at risk of deterioration, decay, or injury by being detained in custody pending the action . . . ." The Rule also allows the Court to order the sale if it is subject to a mortgage that is in default or for any other good cause. Supplemental Rule G(7)(b)(i)(C & D).

Here, all of these conditions appear present. When an agent of the Department of Homeland Security posted the property with

the Preliminary Order of Forfeiture on June 13, 2018, the agent noted that no one was present at the residence and it appeared to be unoccupied. As the defendant, the sole owner, is incarcerated, it appears the property may in fact be unoccupied and subject to vandalism and other deterioration and waste. In addition, it is unlikely that insurance has been maintained or that the mortgage apparently owing Wells Fargo Bank, N.A. is current. Finally, the United States' desire to sell the property and devote the proceeds - after payment of ad valorem taxes, any recognized liens, and the usual expenses of sale - to the substantial restitution due and owing by the defendant, foregoing final forfeiture of the property, is appropriate good cause for the sale.

Under Supplemental Rule G(7)(b)(iii), the sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004 unless the parties agree and the Court approves. Here, the government asks that the United States Department of Treasury or the Department of Homeland Security be authorized to sell the property in the most commercially feasible manner.

ACCORDINGLY, for good cause shown, the United States Department of Treasury or the Department of Homeland Security is ORDERED to sell the real property in the most commercially feasible manner and, after payment of ad valorem taxes, any recognized liens, and the usual expenses of sale, deposit the proceeds of sale in the Seized Assets Holding Account maintained by the United

States Department of Treasury or Department of Homeland Security, where it may be maintained as a substitute res in accordance with Supplemental Rule G(7)(b)(iv).

SO ORDERED this  18  day of  July , 2018.

_/s/ J. Dever_
JAMES C. DEVER, III
CHIEF, UNITED STATES DISTRICT JUDGE