IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-141-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ADAM GEOFFREY FRANKEL, | ) | |
| | ) | |
| Defendant. | ) | |

On May 21, 2020, Adam Geoffrey Frankel ("Frankel" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a supplement, memorandum, and records in support [D.E. 88, 89, 94, 95]. On November 10, 2020, the United States responded in opposition and filed records in support [D.E. 117]. On December 17, 2020, Frankel replied [D.E. 119]. On December 21, 2020, the government surreplied [D.E. 120]. As explained below, the court denies Frankel's motion.

I.

On December 11, 2017, pursuant to a written plea agreement, Frankel pleaded guilty to manufacture of child pornography. See [D.E. 25, 40, 41]. On May 24, 2018, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 65, 67, 68, 81]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Frankel's total offense level to be 41, his criminal history category to be I, and his advisory guideline range to be 324 to 360 months' imprisonment. See [D.E. 68] 1; [D.E. 81] 6. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. §

3553(a), the court sentenced Frankel to 259 months' imprisonment. See [D.E. 67] 2; [D.E. 68] 2; [D.E. 81] 49–56. Frankel did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Frankel's request for compassionate release, Frankel contends that he has exhausted his administrative remedies and that the exhaustion requirement should be waived. See [D.E. 88] 2–5; [D.E. 89] 2; [D.E. 94] 3. On April 8, 2020, Frankel submitted a request for home confinement. See [D.E. 88-1]. On April 21, Frankel submitted another request. See [D.E. 88-2]. On May 13, 2020, Frankel attempted to submit a request for compassionate release to the Warden. See [D.E. 94-1]. Frankel's requests have gone unresolved. See [D.E. 88-3]; [D.E. 94-2]. Notably, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Frankel's claim on the merits.

Frankel seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Frankel notes that he has tested positive for COVID-19 on June 4, 2020, recovered from COVID-19, and might get it again. See [D.E. 94] 1–2. Frankel also cites the COVID-19 pandemic, his history of and complications from pneumonia, and frequent MRSA infections. See [D.E. 88] 5–6, 9; [D.E. 94] 5; [D.E. 119] 2–3. Frankel also cites the conditions at FCC Butner and USP Yazoo, his rehabilitation efforts, and his release plan. See [D.E. 88] 6–8, 9–11; [D.E. 94] 1–2, 5–7; [D.E. 94-3]; [D.E. 119] 3.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Frankel states that he

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

suffers from frequent MRSA infection and complications from contracting pneumonia, he has not demonstrated that he is not going to recover from these complications or that they cannot be treated while Frankel serves his sentence. The same point hold true if Frankel were again to contract COVID-19. Accordingly, reducing Frankel's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Frankel's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Frankel's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Frankel is 36 years old and engaged in horrific criminal behavior between 2010 and 2013. See PSR ¶¶ 8–17. Frankel manipulated at least three different children under the age of 16 into making child pornography videos on multiple occasions. See id. Frankel recorded over eight hours of video with one victim over the course of four months. See [D.E. 81] 40. Over three hours of video exist with another victim. See id. Frankel also possessed the equivalent of over 130,000 child pornography images. See PSR ¶ 21. Frankel's actions have forever harmed his victims, who struggle with the trauma of their abuse years later. See [D.E. 81] 34–36; [D.E. 120-1]. Nonetheless, Frankel has no criminal history and has taken some positive steps while incarcerated. See PSR ¶ 23–25; [D.E. 88] 10; [D.E. 94] 6–7; [D.E. 94-3]; [D.E. 119] 3. The court also has considered

6

Frankel's exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Frankel, the section 3553(a) factors, Frankel's arguments, the government's persuasive response, and the need to punish Frankel for his horrible criminal behavior, to incapacitate Frankel, to promote respect for the law, to deter others, and to protect society, the court declines to grant Frankel's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Frankel's request for home confinement, Frankel seeks relief under the CARES Act. See [D.E. 88]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Frankel's request for home confinement.

II.

In sum, the court DENIES Frankel's motion for compassionate release [D.E. 88, 94], and DISMISSES Frankel's request for home confinement.

SO ORDERED. This _3_ day of February 2021.

                                                JAMES C. DEVER III
                                              United States District Judge